IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| QUINTONIUS B. GOLSTON | § | |
| VS. | § | CIVIL ACTION NO. 5:15cv1 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Quintonius B. Golston, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus should be denied and dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After conducting a thorough *de novo* review of all of Petitioner's claims, the Court finds Petitioner has failed to show a violation of his constitutional rights. Additionally, Petitioner has failed to satisfy his burden of proof in rebutting the presumption of correctness afforded the state court's explicit and implicit findings. Further, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Objections and Analysis

I. *Sufficiency of the Evidence*

Petitioner objects that there was no evidence to support his murder conviction. Petitioner argues that he raised his sufficiency of the evidence challenge in his petition for discretionary review. Accordingly, he asserts it is properly before this Court.

Here, however, the state court found that when viewing the evidence in the light most favorable to the prosecution, which they must, a rational trier of fact could have found beyond a reasonable doubt the elements of murder, and also could have found, beyond a reasonable doubt, against the claim of self-defense. For the reasons set forth in the Report, Petitioner has failed to satisfy his burden of proof concerning this claim. The evidence is sufficient to sustain a conviction for murder under the relevant statute. Petitioner has merely attempted to reargue his state habeas claim. However, petitioner is not entitled to relief due to the AEDPA relitigation bar. Further, petitioner's claims are without merit.

Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objections should be overruled and his claims should be denied.

II. *Prosecutorial Misconduct*

Petitioner objects that the State did not comply with the requirements of *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Further, Petitioner argues that the state court finding of no *Brady* violation was unreasonable in light of the record before the court. However, as set forth in the Report, Petitioner has failed to show that any evidence was unconstitutionally withheld by the prosecution or that the alleged errors complained of so infected the trial as to make the resulting conviction a denial of due process. Thus, Petitioner's allegations do not establish the violation of a constitutional

right. Petitioner has failed to satisfy his burden of proof in rebutting the presumption of correctness afforded the state court's explicit and implicit findings.

As a result, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objections should be overruled and his claims should be denied.

### III. *Ineffective Assistance of Counsel*

Petitioner contends he was denied effective assistance of counsel at trial and on appeal. Petitioner asserts counsel was ineffective for failing to obtain certain evidence, as well as request DNA testing or fingerprinting, which Petitioner claims could have proven his self-defense theory at trial. Further, Petitioner complains of counsel's investigation and failure to call witnesses. Finally, Petitioner complains of counsel's conduct regarding objections, the jury arguments, and the jury instruction.

Petitioner has merely attempted to reargue his state habeas claims that he was denied constitutionally effective assistance of counsel, both at trial and on appeal. However, a thorough review of all of Petitioner's claims fails to reveal the violation of a constitutional right. Petitioner's claims are without merit, and Petitioner has failed to satisfy his burden or proof in this habeas petition.

When a petitioner brings an ineffective assistance claim under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witnesses would have testified are largely speculative." *Lockhart v. McCotter* 782 F.2d 1275, 1282 (5th Cir. 1986). "Where the only evidence of a missing witness' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Id.*

Further, federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Here, for the reasons set forth in the Report, Petitioner has failed to satisfy his burden of proof concerning the claims. Petitioner has failed to show the violation of a constitutional right. Further, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objections should be overruled and his claims should be denied.

IV.  *Certificate of Appealability*

Additionally, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate

that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**So Ordered this**
**Dec 21, 2017**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE